**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**EDWARD DEAN SCHULER,**
**ADC #140938**                                                                        **PLAINTIFF**

**V.**                                        **CASE NO. 1:13CV00008 BSM/BD**

**DAVID WHITE, et al.**                                                          **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.        Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief

United States District Judge Brian S. Miller.  Mr. Schuler–or any party–may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.    Discussion:

Plaintiff Edward Dean Schuler, an Arkansas Department of Correction ("ADC")

inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that the Defendants

retaliated against him in violation of his first amendment rights.  (Docket entry #2)  Mr.

Schuler has now moved for summary judgment on the claims raised in this lawsuit.[1]

(#116)  In addition, both the ADC Defendants and the Medical Defendants have moved

for summary judgment on the claims Mr. Schuler raises against them.  (#122, #125)

Based on the evidence presented, the Court recommends that the motions for

summary judgment submitted by both the ADC Defendants and the Medical Defendants

(#122, #125) be GRANTED.  Mr. Schuler's claims against Defendants Hobbs, Brandon,

McCowan, Ward, Siddons, Selvey, Langston, Cowgill, Glenn, White and L. Hunt should

be DISMISSED, without prejudice, based on Mr. Schuler's failure to exhaust his

administrative remedies.  Mr. Schuler's claims against Defendants Williams, Norris, J.

---

[1] Although Mr. Schuler indicates that the motion is a "motion for partial summary judgment," he asks that the Court "grant him summary judgment[] as to the liability [of] each Defendant listed in [] his original complaint."  (#116 at p.1)

Hunt, and Clifton-Jones should be DISMISSED, with prejudice.[2]  Mr. Schuler's motion

for summary judgment (#116) should be DENIED.

**III.   Analysis:**

    A.    Standard

Summary judgment is appropriate when the evidence, viewed in the light most

favorable to the nonmoving party, presents no genuine dispute as to any material fact.

FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986);

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).  A moving

party must first present evidence that there is no genuine dispute of material fact.  *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  If the moving party

meets this burden, the nonmoving party must come forward with evidence showing that

there is a genuine dispute that must be decided at a trial.  *Torgerson v. City of Rochester*,

643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  If a plaintiff does not submit enough

proof to establish a necessary element of a claim, the moving party is entitled to judgment

on that claim.  *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.    Exhaustion

---

[2] Although the ADC Defendants also argue that they are entitled to both sovereign and qualified immunity, because the Court finds that Mr. Schuler's claims fail as a matter of law, the Court will not address those arguments in this Recommendation.

Prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C.

§ 1983.  42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819

(2001)(holding that available remedies "must be exhausted before a complaint under

§ 1983 may be entertained").  For purposes of § 1983, an "available remedy" is one that

is "capable of use for the accomplishment of a purpose; immediately utilizable [and]

accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).  If exhaustion is not

complete by the time a lawsuit is filed, the Court must dismiss it.  *Johnson v. Jones*, 340

F.3d 624, 627 (8th Cir. 2003).

Whether a prisoner has properly exhausted administrative remedies turns on the

specifics of prison policy.  *Jones v. Bock*, 549 U.S. 199, 923 (2007).  Prisoners can be

excused from exhausting administrative remedies, but only when correction officials have

prevented them from using grievance procedures or when the officials themselves have

not complied with the administrative procedures.  *Miller v. Norris*, *supra* at 740; *Foulk v.*

*Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001).

In support of their motions, Defendants produce the affidavits of Barbara Williams

and Shelly Byers, grievance coordinators for the ADC.  (#122-3, #127-1, #127-2)  These

individuals testify that Mr. Schuler failed to exhaust his administrative remedies against

Defendants Hobbs, Brandon, McCowan, Ward, Siddons, Selvey, Langston, Cowgill,

Glenn, White, and L. Hunt.  Mr. Schuler has not come forward with any proof to rebut the

evidence showing that he did not fully exhaust the claims brought against these

Defendants.  Mr. Schuler claims that he filed a grievance against Defendant Siddons, but

wrongfully identified him as "Scroggins." (#119-1 at p.5) Defendants, however, have presented Ms. Williams's testimony, as well as Mr. Schuler's grievance history, showing that Mr. Schuler did not fully exhaust his grievance against "Scroggins." (#137-1 at pp.2-3)

Further, although Mr. Schuler presents a fully exhausted grievance identifying the alleged retaliatory conduct of Defendant Linda Hunt, that grievances was not fully exhausted until after he filed this lawsuit. (#133 at pp.12-15)

Finally, the Court has reviewed Mr. Schuler's statement of undisputed facts, which consists of over two-hundred pages of papers, including many grievance forms. (#119) Based on those documents, it appears that although Mr. Schuler fully exhausted multiple grievances regarding an alleged shake-down that Defendant Glenn conducted, he did not state that such conduct was retaliatory. (#119-1 at pp.29, 42) Rather, Mr. Schuler complained about the manner in which his personal property was mishandled.

In addition, Mr. Schuler appears to have fully exhausted a grievance complaining that Defendant Langston improperly turned the showers off before Mr. Schuler was fully showered. Again, however, Mr. Schuler does not state that Defendant Langston's conduct was prompted by any retaliatory motive.[3] (#119-1 at p.32; #127-2 at p.4)

---

[3] The Court notes that even assuming Mr. Schuler's allegations regarding Defendant Langston are true, Mr. Schuler has failed to present any evidence that such conduct would chill a person of ordinary firmness from exercising his first amendment rights.

Accordingly, Mr. Schuler's claims against Defendants Hobbs, Brandon, McCowan, Ward, Siddons, Selvey, Langston, Cowgill, Glenn, White, and L. Hunt are DISMISSED, without prejudice based on his failure to exhaust his administrative remedies.

C.    Retaliation

To establish a prima facie case for retaliation, Mr. Schuler must show that: he exercised a constitutionally protected right; prison officials disciplined him; and his exercise of a protected right was the motivation for the discipline. *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007). Mr. Schuler bears a heavy evidentiary burden to establish a prima facie case. *Id*. (citing *Murphy v. Mo. Dept. of Corr.*, 769 F .2d 502, 503 n. 1 (8th Cir. 1985)). He must come forward with more than a bare allegation that an act was retaliatory. *Id*. (citing *Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985)). The test for determining whether there was a threat of retaliation is whether a defendant's acts or statements, "would chill a person of ordinary firmness from continuing in the protected activity." *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Revels v. Vincenz*, 382 F.3d 870, 876 (2004)).

Further, it is well-settled law that a retaliation claim is precluded if punishment was imposed based on an actual violation of prison rules and defendants had "some evidence" that the inmate actually committed the rule violation. *Earnest v. Courtney*, 64 F.3d 365, 367 (8th Cir. 1995) (per curiam). "Under this standard, a report from a correctional officer, even if disputed by the inmate and supported by no other evidence,

legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Santiago*, 707 F.3d at 993.

      1.     Michelle Williams

Mr. Schuler claims that Defendant Williams assigned him to a bunk too close to the shower in retaliation for Mr. Schuler's filing a civil lawsuit against Defendant Clifton-Jones. He alleges that he suffered from a medical condition that was aggravated based on his proximity to the shower stalls.

The undisputed evidence shows that Mr. Schuler should not have been housed closer than fifteen feet from the shower. (#122-8 at p.1) Prior to filing this lawsuit, on two occasions, Mr. Schuler's bunk was located within fifteen feet from the shower at the North Central Unit. (#122-5; #122-6) Mr. Schuler alleges that Defendant Williams was responsible for his improper bunk assignment from August 10, 2012, until September 7, 2012.

The evidence reveals that the day that Defendant Williams became aware of Dr. Bishop's "script" prohibiting Mr. Schuler from being housed within fifteen feet of the shower, she re-assigned Mr. Schuler. (#122-8 at p.2) In her declaration, Defendant Williams testified that she was not aware of any restriction regarding Mr. Schuler's bed assignment prior to September 7, 2012. (#122-8 at p.1) Moreover, Defendant Williams testified that she was not aware that Mr. Schuler had filed a lawsuit against Defendant Clifton-Jones at the time the bed assignments were made. (#122-8 at p.2)

Mr. Schuler alleges that, although he "put a request in the box reminding her" of his need to be moved on three occasion, Defendant Williams ignored those requests. (#119-1 at p.22)  Even assuming this allegation to be true, other than his own conclusory allegations, Mr. Schuler has failed to present any evidence of a retaliatory motive.  As a result, Defendant Williams is entitled to judgment as a matter of law on Mr. Schuler's retaliation claim.

2.      Chance Norris

Mr. Schuler claims that Defendant Norris retaliated again him while he was assigned as a hall porter by purposely placing scuff marks on the walls.  The Defendants argue that, at any given time, inmates use the hallway and stand against the walls resulting in scuff marks.  (#122-9 at p.2; #122-10 at p.2)  In addition, Defendant Norris testified that he did not intentionally place marks on the walls to increase Mr. Schuler's work detail.  (#122-10 at p.2)

Mr. Schuler has not come forward with any evidence to show that Defendant Norris intentionally increased Mr. Schuler's work detail in retaliation for his use of the grievance procedure or filing a civil rights lawsuit.  Moreover, Mr. Schuler has not come forward with any evidence that such an increase in an inmate's work assignment would chill a person of ordinary firmness from filing grievances.  As a result, Mr. Schuler's claim against Defendant Norris should be DISMISSED, with prejudice.

3.      Justin Hunt

Mr. Schuler claims that Defendant Justin Hunt issued him a major disciplinary in retaliation for his filing a grievance against Linda Hunt, Justin Hunt's mother. Defendant Hunt, however, testified that he was not aware that Mr. Schuler had complained about his mother in an inmate request form when he issued Mr. Schuler the major disciplinary. (#122-11 at p.2) Although Mr. Schuler argues that he was found not guilty of the disciplinary at issue, he offers no other affirmative evidence to support his claim that Defendant Hunt retaliated against him. Furthermore, in his deposition testimony, Mr. Schuler admits that he engaged in the conduct for which he was disciplined. (#122-4 at p.4) Accordingly, he has failed to create a question of material fact on this issue, and Mr. Hunt is entitled to judgment as a matter of law.

4.     Denise Clifton-Jones

Mr. Schuler claims that after he filed a grievance against Defendant Clifton-Jones, she called him into her office and threatened to take away his inhaler if he filed another grievance against her. After he left Defendant Clifton-Jones's office, Mr. Schuler says, nine correctional officers approached him in the hallway, placed handcuffs on him, and took him to isolation. The next day, Defendant Clifton-Jones issued him a major disciplinary. Mr. Schuler was convicted of the major disciplinary, and the disciplinary was upheld on appeal.

In contrast, Defendant Clifton-Jones testified that during the encounter at issue, she explained to Mr. Schuler that she no longer saw a medical need for Qvar, an inhaled steroid used to treat asthma because his albuterol and Atrovent inhalers were sufficient to

treat his asthma condition.  (#127-3 at p.2)  According to Defendant Clifton-Jones, she

instructed Mr. Schuler to return to the infirmary if he had an asthma attack.[4]  At that time,

Defendant Clifton-Jones also informed Mr. Schuler that she could not accommodate his

other medical requests (including his request for an extra pillow) because there was no

medical necessity.  (#127-3 at p.2)  Defendant Clifton-Jones testified that Mr. Schuler

became belligerent.  (#127-3 at p.2)

In support of their motion, the Medical Defendants provide Dr. Richard

McKinney's affidavit.  Dr. McKinney testified that, after reviewing Mr. Schuler's

medical records, he found Defendant Clifton-Jones's decision to discontinue QVAR to be

appropriate.  (#127-5 at p.2)   Further, Mr. Schuler was not placed back on QVAR despite

subsequent evaluations by other medical professionals.  (#127-5 at p.2)  Mr. Schuler has

not come forward with any contradictory evidence.

Furthermore, it is undisputed that Mr. Schuler was convicted of the major

disciplinary at issue.  (#119 at p.20)  The disciplinary hearing officer relied on Defendant

Clifton-Jones's report in making the decision, and the disciplinary was upheld on appeal.

(#119 at pp.21-25)  Although Mr. Schuler argues that the disciplinary was false and

retaliatory in nature, the report relied upon constitutes "some evidence" under settled law.

---

[4] The Court notes that it is undisputed that QVAR had been removed from the
formulary list and providers were expected to reevaluate patients prescriptions to
determine whether a particular non-formulatory medication should be renewed.  (#127-3
at p.5)

As a result, Mr. Schuler's retaliation claim against Defendant Clifton-Jones fails as a

matter of law.

**IV.   Conclusion:**

The Court recommends that the motions for summary judgment submitted by both

the ADC Defendants and the Medical Defendants (#122, #125) be GRANTED.  Mr.

Schuler's claims against Defendants Hobbs, Brandon, McCowan, Ward, Siddons, Selvey,

Langston, Cowgill, Glenn, White, and L. Hunt should be DISMISSED, without prejudice,

based on Mr. Schuler's failure to exhaust his administrative remedies.  Mr. Schuler's

claims against Defendants Williams, Norris, J. Hunt, and Clifton-Jones should be

DISMISSED, with prejudice.  Mr. Schuler's motion for summary judgment (#116) should

be DENIED.

DATED this 10th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE